# Parker *v.* The State.

*Engaging in Horse Racing on Public Road.*

(Decided April 19, 1911.  55 South. 330.)

1. *Highways; Racing On; Statute; Instruction.*—Under section 7728, Code 1907, which denounces two offenses, racing on the public highway is an offense and the reckless running or driving of a horse and machine on the public highway, although there was no competition or racing, is another and separate offense.

2. *Same; Indictment; Variance.*—Where the indictment charged, under section 7728, Code 1907, the offense of racing or unlawfully engaging in a horse race on a public road, and the only evidence introduced tended to show that defendant ran his horse at full speed on a public highway, without engaging in racing, there was variance between the allegation and the proof.

3. *Indictment and Information; Sufficiency; Statutory Form.*— Form 65 of section 7161, Code 1907, is not applicable to charge the offense of reckless driving on the public highway as denounced in section 7728, Code 1907.

Appeal from Monroe County Court.

Heard before Hon. I. B. Slaughter.

[Parker v. The State.]

Jim Parker was convicted under an indictment charging him with unlawfully engaging in horse racing on a public highway, and he appeals. Reversed and remanded.

F. M. HARE, for appellant. Form 65 of section 7161, Code 1907, is not applicable to the offense shown by the evidence in this case and the defendant was entitled to his discharge on account of a variance between the allegation and the proof.—*Lawson v. The State*, 151 Ala. 95; *Lee v. The State*, 147 Ala. 133; *Peinhardt v. The State*, 161 Ala. 70.

ROBERT C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the State. Counsel insist that the form pursued was sufficient to charge either offense denounced by section 7728, Code 1907, and that under it as especially provided by section 7161, the defendant was properly convicted of the offense of reckless driving on the proof in this case, but they cite no authority in support of their contention.

WALKER, P. J.—The indictment in this case charged that the defendant "unlawfully engaged in a horse race on a public road against the peace and dignity," etc. The only evidence offered in support of the indictment was the testimony of two witnesses tending to show that within 12 months before the finding of the indictment defendant ran his horse at a very high rate of speed along a public road; that there were dwelling houses along said road, which were occupied, but, so far as the witnesses saw, there was no other person than the defendant in said road at the time defendant was running his horse at full speed. The defendant moved the court to exclude the testimony offered by the state, and to discharge the defendant, on the following grounds:

"(1) Because there was a variance between the allegations of the indictment and the proof, in that the defendant was charged in the indictment with engaging in a horse race on the public road, and the proof at most tended to show that he had recklessly run his horse along a public road. (2) Because he was charged in the indictment with an entirely different offense than that attempted to be proven by the state on the trial. (3) Because the state has offered no testimony in support of the indictment for engaging in a horse race on a public road, and defendant could not be convicted under this charge on testimony only tending to show guilt of a different offense." The defendant duly excepted to the action of the court in overruling this motion. On the evidence above set out the court, sitting without a jury, convicted the defendant of the offense charged in the indictment.

The indictment charged an offense under section 7728 of the Code, which is in the following words: "Engaging in racing on public highway.—Any person who engages in a horse race, automobile race, motorcycle race, or bicycle race, or who recklessly runs or drives any animal or machine named herein, on any public highway, must, on conviction, be fined not less than ten nor more than fifty dollars." The corresponding section of the previous Code (Code of 1896, § 5356) was in the following words: Engaging in horserace on public road.—Any person who engages in a horse-race on any public road must, on conviction, be fined not less than ten nor more than fifty dollars." The indictment in this case followed the form prescribed for an indictment under section 7728 of the Code (Code 1907, § 7161, form 65). That form was brought forward without change from section 4923 of the Code of 1896, prescribing the form of indictment under section 5356 of that Code

(Code of 1896, § 4923, form 53), though the last-named section of the former Code was materially changed when it was embodied in the present Code, as appears above.

If the words, "any person who engages in a horse race * * * on any public highway," as used in section 7728 of the Code, were intended to cover the act of one who recklessly runs or drives a horse on such a highway, then the insertion in the statute of the words, "or who recklessly runs or drives any animal," etc., added nothing to the import of the statute, and the court may put out of view the last quoted clause of the statute as meaningless surplusage. The court is not at liberty so to treat a change in the phraseology of a statute which the Legislature saw fit to make when the old statute came before it for re-enactment and recodification. Let it be conceded that, if the statute against horse racing on a public road had remained as it was in the former Code, there would have been some plausibility in a claim that one who ran a horse at a very high rate of speed along a public road was within the prohibition of the statute, though he was not engaged in a contest of speed; yet it would not necessarily follow that the same meaning must be accorded to the words when it is found that the Legislature in changing the language of the statute used another phrase to cover the case of one who without entering into any kind of competition merely recklessly runs or drives an animal on a public highway. Certain it is that the words "engages in a horse race" may involve the idea of a running in competition, or a contest of speed between two or more horses; and it is a persuasive indication that the Legislature had that idea in mind when it is found adding, for the purpose of bringing within its prohibition one who, without engaging in any contest, merely recklessly runs or drives an animal or machine on a public high-

way, the words "or who recklessly runs or drives any animal or machine named herein," etc. The statute as it now stands denounces certain racing contests on a public highway, and also, as a separate offense, a reckless running or driving of specified animals or machines on any public highway, though there is absent any rivalry or competition.

The indictment in the case at bar, charging that the defendant "unlawfully engaged in a horse race on a public road," imputes that there was a running in competition, or a contest between two or more horses, and cannot be supported by evidence of the commission of the other and distinct offense of recklessly running or driving a horse on a public highway in the absence of any rivalry or competition with another. The indictment charged one offense. The evidence offered was as to the commission of another offense, not included in the charge made by the indictment. The allegation and the proof did not correspond; and the trial court erred in overruling the motion of the defendant to exclude the testimony offered by the state.

The fact that the indictment follows the form prescribed by section 7161 of the Code for an indictment under section 7728 of the Code does not give it the effect of charging the commission of the offense of recklessly running or driving a horse on a public highway. Section 7161 of the Code makes the forms of indictment therein set out sufficient "in all cases in which they are applicable"; but by no means does that section undertake to make the prescribed form of indictment sufficient when plainly it is not applicable to the offense sought to be proved. The prescribed form of indictment under section 7728 of the Code is applicable to the single offense denounced by that section as it stood before the change made in the recent recodification; but it is

not applicable to the new offense, created by the change in the statute, of recklessly running or driving on a public highway any animal or machine. mentioned in the statute. A Code form of indictment always charges an offense under the statute to which it refers; but, where such statute covers two or more separate and distinct offenses, the prescribed form of indictment may be inapplicable to one or more of such offenses.

Reversed and remanded.